FILED

NOT FOR PUBLICATION

JUN 15 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOMBOON TIMME PHAYMANY,<br><br>Petitioner - Appellant,<br><br>v.<br><br>DON TAYLOR and CALIFORNIA ATTORNEY GENERAL,<br><br>Respondents - Appellees. | No. 07-55112<br><br>D.C. No. CV-00-02554-L<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted May 6, 2010
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and EZRA, District Judge.[**]

Somboon Timme Phaymany appeals the district court's denial of his habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

In March 1996, Phaymany participated in a drive-by shooting targeting rival gang members standing in a parking lot outside a pool hall. In an interview with police, Phaymany admitted to being a passenger in one of the cars and also admitted to bringing along his cousin's nine-millimeter pistol, but he claimed to have given the gun to someone else. Phaymany maintained that he had no intention of being involved in a drive-by shooting and only went along to ensure the return of his cousin's gun.

A jury convicted Phaymany of ten counts of attempted premeditated murder while armed with a firearm, eighteen counts of assault with a semi-automatic weapon, eighteen counts of assault with a firearm, and three counts of conspiracy – conspiracy to commit assault with a firearm, conspiracy to commit assault with a semi-automatic firearm, and conspiracy to commit assault with force likely to produce great bodily injury.[1] The court sentenced Phaymany to two consecutive life terms with the possibility of parole, plus two years.

Phaymany raised multiple claims in his federal habeas petition, two of which are before us on appeal. We review a district court's decision to grant or deny a

---

[1]The California Court of Appeals reversed two of Phaymany's three conspiracy convictions.

writ of habeas corpus de novo and the district court's findings of fact for clear error. *Richter v. Hickman*, 578 F.3d 944, 951 (9th Cir. 2009) (en banc).

Phaymany first challenges the admission of a detective's testimony concerning a statement Richard Cooke, the gunman in the car in which Phaymany was a passenger, gave to police. The detective testified that Cooke said he went to the pool hall on the day of the shooting because several weeks earlier members of the rival gang had pulled a gun on him. Defense counsel objected, but the trial court admitted the statement under California Rule of Evidence 356, which allows for the admission of a complete statement when part of it already has been admitted.[2]

Phaymany argues that the admission of this testimony violated his right to confront witnesses against him under *Crawford v. Washington*, 541 U.S. 36 (2004), and *Ohio v. Roberts*, 448 U.S. 56 (1980). The government argues that, not only does *Crawford* not apply to Phaymany's trial because the rule of that decision is not retroactive, but also that the testimony did not directly implicate Phaymany and, under *Roberts*, there is no Confrontation Clause violation.

As an initial matter, the government is correct that *Crawford* does not apply to Phaymany's case. Phaymany's conviction was final before the Supreme Court

---

[2]Defense counsel already had elicited part of the statement.

decided *Crawford* and the rule of *Crawford* does not apply retroactively. *Whorton v. Bockting*, 549 U.S. 406, 409 (2007).

Under *Roberts*, the hearsay statement was admissible because it fell within "a firmly rooted hearsay exception." *Roberts*, 448 U.S. at 66. The admitted statements implicated only the gunman and did not mention Phaymany. Only when combined with the other evidence introduced at trial, namely Phaymany's own admission to the detective that he was in the declarant's car and provided a gun, is this statement relevant to Phaymany's guilt. *See Hernandez v. Small*, 282 F.3d 1132, 1141 n.8, 1142-43 (9th Cir. 2002). Under pre-*Crawford* case law, the state court's denial of Phaymany's Confrontation Clause claim was not contrary to or an unreasonable application of clearly established federal law.

Phaymany also argues that his due process rights were violated when the trial court failed to instruct the jury that personal premeditation and deliberation were required to find him guilty of attempted murder and eligible for the penalty enhancement under California law. The California Supreme Court has determined that a person who is found guilty of attempted murder as an aider and abettor, but who did not personally act with willfulness, deliberation, and premeditation, is eligible for the statutory penalty enhancement under California Penal Code section 664. *People v. Lee*, 74 P.3d 176, 178, 183 (Cal. 2003). We defer to the state

court's interpretation. *See Goldyn v. Hayes*, 444 F.3d 1062, 1070 (9th Cir. 2006) (a state supreme court "has wide latitude in defining and interpreting the elements of . . . state crimes," which this court cannot reexamine on habeas review); *see also Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) (federal courts "are bound by a state court's construction of a state statute"). Thus, Phaymany need not personally have acted willfully and with deliberation and premeditation for the enhancement to apply to him. The failure here to give an instruction that state law did not require did not violate due process. *See Spivey v. Rocha*, 194 F.3d 971, 976 (9th Cir. 1999) (no due process violation when jury instruction accurately reflected state law). Therefore, the state court's decision was neither contrary to nor an unreasonable application of clearly established federal law.

**AFFIRMED.**